UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DELORIS & SAMMY MAYS,                          Civil No. 06-2924 (JRT/FLN)

        Plaintiffs,

                v.                              REPORT AND RECOMMENDATION

INNA LEVI,

        Defendant.

THIS MATTER has been referred to the undersigned United States Magistrate
Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.
The matter is presently before the Court for review of Plaintiffs' pro se complaint and
application for leave to proceed in forma pauperis ("IFP").  For the reasons discussed
below, the Court will recommend that this action be summarily dismissed pursuant to Fed.
R. Civ. P. 12(h)(3), and that Plaintiffs' IFP application be denied.

## I. BACKGROUND

Plaintiffs commenced this action by filing a complaint that appears to be a photocopy
of a complaint that they previously filed in the state district court for Hennepin County,
Minnesota.  The complaint is accompanied by several attached documents, one of which
indicates that Plaintiffs' earlier Hennepin County lawsuit, (which appears to be identical to
present lawsuit), was "dismissed with prejudice" on January 26, 2004.

It appears that Plaintiffs are now seeking to have the federal court (i) review the
state court's dismissal of their prior lawsuit, (ii) reinstate their claims against the above-
named Defendant, and (iii) enter a judgment in their favor.  Instead, however, the Court
finds that this action must be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

Because Plaintiffs' current lawsuit has already been considered and dismissed with

prejudice in the state courts, this action is barred by the Rooker-Feldman doctrine.

> "The Rooker-Feldman doctrine recognizes that, with the exception of habeas
> corpus petitions, lower federal courts lack subject matter jurisdiction over
> challenges to state court judgments. See District of Columbia Court of
> Appeals v. Feldman, 460 U.S. 462, 476... (1983); Rooker v. Fidelity Trust
> Co., 263 U.S. 413, 416... (1923).  Instead, federal jurisdiction to review most
> state court judgments is vested exclusively in the United States Supreme
> Court.  See 28 U.S.C. § 1257; Feldman, 460 U.S. at 486....  Because the
> Rooker-Feldman rule is jurisdictional, it may be... raised sua sponte.  See
> Doctor's Associates, Inc. v. Distajo, 107 F.3d 126, 137 (2d Cir.1997) [cert.
> denied, 522 U.S. 948 (1997)]....
>
> The Rooker-Feldman doctrine forecloses not only straightforward appeals but
> also more indirect attempts by federal plaintiffs to undermine state court
> decisions.  Thus, a corollary to the basic rule against reviewing judgments
> prohibits federal district courts from exercising jurisdiction over general
> constitutional claims that are "inextricably intertwined" with specific claims
> already adjudicated in state court. See Feldman, 460 U.S. at 482 n. 16...;
> Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1034 (8th Cir.1999);
> Neal v. Wilson, 112 F.3d 351, 356 (8th Cir.1997)."

Lemonds v. St. Louis County, 222 F.3d 488, 492-93 (8th Cir. 2000), cert. denied, 531 U.S.

1183 (2001).

Simply stated, "[u]nder the Rooker-Feldman doctrine, lower federal courts lack

jurisdiction to engage in appellate review of state court determinations."  In re Goetzman,

91 F.3d 1173, 1177 (8th Cir.), cert. denied, 519 U.S. 1042 (1996).

The Rooker-Feldman doctrine is clearly applicable here.  The claims that Plaintiffs

are attempting to bring in this action are not just "inextricably intertwined" with their earlier

state court claims; it would be more accurate to say that the two sets of claims are wholly

indistinguishable.   Indeed, Plaintiffs' current complaint apparently is the very same

complaint that was previously filed, and dismissed with prejudice, in the state district court

for Hennepin County.  Thus, it could not be more obvious that Plaintiffs are asking the federal district court to review and overrule the state court decision that dismissed their prior state court action.  The only federal court that could do that, however, is the United States Supreme Court.  <u>Rooker-Feldman</u> prohibits the Minnesota federal district court from re-examining a matter that has been fully adjudicated by the Minnesota state courts.

As the Court of Appeals indicated in <u>Lemonds</u>, the <u>Rooker-Feldman</u> doctrine holds that "lower federal courts <u>lack subject matter jurisdiction</u> over challenges to state court judgments."  222 F.3d at 492 (emphasis added).  "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." <u>Turner v. Armontrout</u>, 922 F.2d 492, 293 (8th Cir. 1991).  Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Thus, the Court concludes that because this action is barred by <u>Rooker-Feldman</u>, it must be dismissed for lack of subject matter jurisdiction.  It is therefore recommended that this action be summarily dismissed pursuant to Fed. R. Civ. P. 12(h)(3), and that Plaintiffs' pending IFP application be denied.

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiffs' "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**; and

2.  This action be **DISMISSED** for lack of subject matter jurisdiction pursuant to Fed.

R. Civ. P. 12(h)(3).


Dated: July 7, 2006

s/ <em>Franklin L. Noel</em>

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 26 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.